1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANH BUI, individually and on behalf of all others similarly situated, | CASE NO. 15cv1397-WQH-WVG |
| Plaintiff, | ORDER |
| v. | |
| NORTHROP GRUMMAN SYSTEMS CORP., a Delaware Corporation, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the Motion for Reconsideration filed by Plaintiff Anh Bui.  (ECF No. 32).

**I. Background**

On April 14, 2015, Plaintiff Anh Bui commenced this action by filing the Class Action Complaint in San Diego County Superior Court.  (ECF No. 1-3 at 6).  On May 21, 2015, Plaintiff filed the First Amended Class Action Complaint ("FAC"), which is the operative complaint in this case.  (ECF Nos. 1 at 2; 1-3 at 30).  The FAC asserts: (1) four state-law wage and hour claims arising from Plaintiff's employment with Defendant, (2) a claim for violation of California Business & Professions Code section 17200, *et seq.*, and (3) a claim for violation of California's Private Attorneys' General Act of 2004 ("PAGA"), seeking civil penalties for Defendant's alleged wage and hour violations.  (ECF No. 1 at 3).  On June 25, 2015, Defendant Northrop Grumman Systems Corp. removed the action to the Court pursuant to the Class Action Fairness

1   Act ("CAFA"), 28 U.S.C. §§ 1332, 1441, 1446, and 1453. *Id.* at 2.

2       On July 2, 2015, Defendant filed a Motion to Compel Bilateral Arbitration and

3   Stay Proceedings, or Alternatively, To Dismiss Under Rule 12(b)(3). (ECF No. 3). In

4   the motion, Defendant stated that the Arbitration Agreement "provides for an express

5   waiver of class-wide arbitration in favor of bilateral arbitration." (ECF No. 3-1 at 8).

6   Defendant stated,

7       because Plaintiff failed to file her claims in the proper arbitration venue,
        her claims should be dismissed with prejudice pursuant to Rule 12(b)(3)
8       with directions that Plaintiff must pursue bilateral non-class arbitration of
        her claims as required by the express terms of the Arbitration Agreement
9       to the extent she chooses to pursue such claims at all.

10  *Id.* at 15. On July 20, 2015, Defendant filed a Motion to Transfer Venue. (ECF No. 6).

11      On August 10, 2015, Plaintiff filed a "non-opposition to Defendant's Motion to

12  Compel Bilateral Arbitration of Plaintiff's Individual Claims except for her [PAGA]

13  Claims." (ECF No. 11 at 2). In the non-opposition, Plaintiff "agree[d] to dismiss her

14  putative class and putative class claims without prejudice and submit her individual

15  claims to arbitration." *Id.*

16      On September 18, 2015, the Court heard oral argument on the Motion to Compel

17  Bilateral Arbitration and Stay Proceedings, or Alternatively, To Dismiss Under Rule

18  12(b)(3). (ECF No. 14). On October 19, 2015, Defendant filed a Motion to Stay. (ECF

19  No. 15).

20      On December 10, 2015, the Court issued an Order denying Defendant's Motion

21  to Transfer Venue, denying Defendant's Motion to Stay, and granting Defendant's

22  Motion to Compel Bilateral Arbitration and Stay Proceedings. (ECF No. 20 at 15-16).

23  The Court

24      ordered that, pursuant to Plaintiff's request, Plaintiff's first through fifth
        putative class and class claims are dismissed without prejudice. (ECF No.
25      11 at 1). It is further ordered that the Motion to Compel Bilateral
        Arbitration and Stay Proceedings is granted (ECF No. 3). Pursuant to 9
26      U.S.C. § 4, the parties are directed to proceed to arbitration in accordance
        with the terms of the Arbitration Agreement with respect to all of
27      Plaintiff's remaining claims. This litigation is stayed pending the outcome
        of the arbitration.
28  *Id.* at 15. On February 26, 2016, the Court issued an order denying Defendant's Motion

to Certify Interlocutory Appeal to the United States Court of Appeals for the Ninth Circuit. (ECF No. 28).

On September 22, 2016, Plaintiff filed the Motion for Reconsideration of this Court's December 10, 2015 Order. (ECF No. 32). On October 17, 2016 Defendant filed a response in opposition. (ECF No. 34). On October 24, 2016, Plaintiff filed a reply. (ECF No. 35).

**II. Contentions of the Parties**

Following this Court's December 10, 2015 Order, the Court of Appeals decided *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016) on August 22, 2016. (ECF No. 32 at 4). Plaintiff contends that *Morris* "conclusively establishes that any concerted action waiver of employment related claims violates the National Labor Relations Act ("NLRA") . . . and therefore cannot be enforced." (ECF No. 32 at 4). Plaintiff contends that in its December 10, 2015 Order, this Court referred to the class action waiver in the Arbitration Agreement to conclude that Plaintiff's PAGA claim fell within the scope of the Agreement. *Id.* at 6-7. Plaintiff contends that following the *Morris* decision, the class action waiver in this case is unenforceable as to Plaintiff's class claims and "Plaintiff must be permitted to collectively pursue all claims, be it in arbitration or in court." *Id.* at 7.

Plaintiff further contends that she did not waive the right to bring her putative class and class claims when she "filed a partial opposition and partial non-opposition to the Motion to Compel Bilateral Arbitration (EFC No. 11) whereby [she] agreed to dismiss her putative class and class claims without prejudice" in August 2015. (ECF Nos. 32 at 3; 35 at 2-3). Plaintiff contends that it was reasonable to refrain from making an argument regarding the NLRA in August 2015 because "[b]efore the *Morris* decision, there was no Ninth Circuit guidance on this issue accepting this argument." (ECF No. 35 at 3). Plaintiff contends that "the Court should either remove the case from arbitration and bring it back to court for class action treatment or allow Plaintiff to pursue class arbitration" if it grants Plaintiff's Motion for Reconsideration. *Id.* at 4-5.

1    Defendant contends that "Plaintiff waived any argument that the parties'
2 class-action waiver is unenforceable under the NLRA or for any other reason, because
3 she never argued as much before now." (ECF No. 34 at 5). Defendant contends that
4 in 2012, the National Labor Relations Board determined that concerted class action
5 waivers violate the NLRA – and that this "argument was plainly available to Plaintiff
6 by August 2015, when she responded to Defendant's motion to compel arbitration."
7 *Id.* at 10 (citing *Morris*, 834 F.3d at 980). Defendant further contends that "*Morris* is
8 irrelevant to the" Court's December 10, 2015 Order because the Court "dismissed
9 Plaintiff's putative class claims without prejudice 'pursuant to [Plaintiff's] request,' not
10 the parties' class-action waiver." *Id.* at 13 (quoting ECF No. 20 at 15).

11 **III. Applicable Law**

12    Local Rule 7.1(i)(2) provides that "[e]xcept as may be allowed under Rule . . . 60
13 of the Federal Rules of Civil Procedure, any motion or application for reconsideration
14 must be filed within twenty-eight (28) days after the entry of the ruling, order or
15 judgment sought to be reconsidered." Federal Rule of Civil Procedure 60(b) provides
16 that a

17
18    court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

23 Fed. R. Civ. P. 60(b)(1-6). "A motion under Rule 60(b) must be made within a
24 reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of
25 the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Under
26 Rule 60(b), "[w]hat qualifies as a reasonable time depends on the facts of each case[,]"
27 and "[t]he relevant facts may include the length and circumstances of the delay and the
28 possibility of prejudice to the opposing party." *In re Int'l. Fibercom, Inc.*, 503 F.3d

1   933, 945 (9th Cir. 2007) (citations omitted).

2       Under Rule 60(b)(6), a court may reconsider a prior order for "any other reason

3   that justifies relief" – including whether there has been "an intervening change in the

4   law[.]"   Fed. R. Civ. P. 60(b)(6); *Phelps v. Alameida*, 569 F.3d 1120, 1133 (9th Cir.

5   2009).   In *Phelps*, the Court of Appeals identified "that the proper course when

6   analyzing a Rule 60(b)(6) motion predicated on an intervening change in the law is to

7   evaluate the circumstances surrounding the specific motion before the court."  569 F.3d

8   at 1133.   Courts must make a "case-by-case inquiry" based on balancing "numerous

9   factors" when deciding whether to grant a Rule 60(b)(6) motion.  *Jones v. Ryan*, 733

10  F.3d 825, 839 (9th Cir. 2013).   When considering whether a change in the controlling

11  law justifies relief under Rule 60(b)(6), the Court of Appeals has found "that a change

12  in the law will not always provide the truly extraordinary circumstances necessary to

13  reopen a case[,]" and "that something more than a 'mere' change in the law is

14  necessary."  *Phelps*, 569 F.3d at 1133 (citation omitted).

15      When making this determination, courts should consider six factors: (1) the

16  change in the law; (2) "the petitioner's exercise of diligence in pursuing his claim for

17  relief[;]" (3) whether reopening the case would upset "the parties' reliance interest in

18  the finality of the case[;]" (4) the extent of "the delay between the finality of the

19  judgment and the motion for Rule 60(b)(6) relief[;]" (5) the relative "closeness of the

20  relationship between the decision resulting in the original judgment and the subsequent

21  decision that represents a change in the law[;]" and (6) concerns of comity.  *Jones*, 733

22  F.3d at 839-40 (citing *Phelps*, 569 F.3d at 1135-39).  These "factors . . .  are designed

23  to guide courts in determining whether such extraordinary circumstances have been

24  demonstrated by an individual seeking relief under" Rule 60(b)(6).  *Phelps*, 569 F.3d

25  at 1135.

26  **IV. Discussion**

27      Motions made under Rule 60(b)(4-6) need only "be made within a reasonable

28

1  time . . . after the entry of the judgment or order[.]" Fed. R. Civ. P. 60(c).[1]  In this case,

2  approximately nine months passed between this Court's December 10, 2015 Order and

3  the date Plaintiff filed the Motion for Reconsideration.  The Court of Appeals has held

4  that "[w]hat constitutes a reasonable time" under Rule 60(b)(6) "depends on the facts

5  of each case."  *In re Pac. Far East Lines, Inc.*, 889 F.2d 242, 249 (9th Cir. 1989)

6  (citation omitted).  The Court of Appeals has found delays ranging from two to six

7  years to be reasonable under Rule 60(b).  *In re Int'l. Fibercom, Inc.*, 503 F.3d at 945

8  (citing cases).  "Major considerations" include "whether the [nonmoving party] was

9  prejudiced by the delay and whether the [moving party] had a good reason for failing

10  to take action sooner."  *In re Pac.*, 889 F.2d at 249.  After a review of the circumstances

11  in this case, the Court finds that Plaintiff's motion is brought within a "reasonable time"

12  after the Court's December 10, 2015 Order.

13      In the December 10, 2015 Order, this Court considered Defendant's Arbitration

14  Agreement which applied to Plaintiff through her employment with Defendant.  (ECF

15  No. 20 at 8-9).  The Arbitration Agreement provided, in relevant part,

16      Both you and the Company agree to submit all claims covered by this
       Program to binding arbitration, rather than to have such claims heard by
17     a court or jury.

18      . . .

19      [T]his Program covers and applies to any claim, controversy, or dispute,
       past, present, or future:
20
       • Which in any way arises out of, relates to, or is associated with your
21     employment with the Company, the termination of your employment, or
       any communications with third parties regarding or related to your
22     employment; and
       • As to which a court would be authorized by law to grant relief if the
23     claim were successful.

24  (ECF No. 3-5 at 66).  The Arbitration Agreement listed examples of covered claims

25  including, but not limited to, claims for "[w]ages or other compensation due" and for

26  "[a]ny violation of applicable federal, state, or local law, statute, ordinance, or

27  _____

28      [1] The Court analyzes Plaintiff's Motion for Reconsideration under Rule 60, and
    not Local Rule 7.2(i)(1), because Plaintiff's Motion was not "filed within twenty-eight
    (28) days after the entry of" this Court's December 10, 2015 Order.  L.R. 7.1(i)(2).

regulation." *Id.* at 67.

Under the heading "Class Action Claims[,]" the Arbitration Agreement provided, in relevant part,

> both you and the Company waive the right to bring any covered claim under this Program as a class action . . . [T]he arbitrator will not have authority or jurisdiction to consolidate claims of different employees into one proceeding, nor shall the arbitrator have authority or jurisdiction to hear the arbitration as a class action.

*Id.* at 74. Referring to the "Class Action Claims" section of the Agreement, the Court found that "[t]he Arbitration Agreement contains an express class action waiver[.]" (ECF No. 20 at 9, 12). The Court ordered that pursuant to section 4 of the FAA, "the parties are directed to proceed to arbitration in accordance with the terms of the Arbitration Agreement with respect to all of Plaintiff's remaining claims." *Id.* at 15.

In *Morris*, the Court of Appeals held that "[c]oncerted activity—the right of employees to act together—is the essential, substantive right established by the NLRA." 834 F.3d at 980. The Court of Appeals held that "[t]he FAA does not mandate the enforcement of contract terms that waive substantive federal rights[,]" and that "[t]he rights established in § 7 of the NLRA—including the right of employees to pursue legal claims together—are substantive." *Id.* at 986. The Court of Appeals found that the defendant's arbitration agreement, which required "its employees to resolve all of their legal claims in 'separate proceedings' . . . violate[d] the NLRA and cannot be enforced." *Id.* at 980.

In this case, the "Class Action Claims" section of the Arbitration Agreement covering Plaintiff's employment with Defendant waived Plaintiff's "right to bring any covered claim under this Program as a class action." (ECF No. 3-5 at 74). A "separate proceedings" clause – the type ruled unenforcable in *Morris*, "prevents the initiation of any concerted work-related legal claim, in any forum." *Morris*, 834 F.3d at 982. The "Class Action Claims" section of the Arbitration Agreement in this case is similarly restrictive of Plaintiff's ability to bring a concerted action against Defendant. Defendant does not assert that the "Class Action Claims" section is enforceable against

1   Plaintiff in light of *Morris*.

2       The Court does not find that Plaintiff waived her right to pursue her claims on a

3   class-wide basis at this stage of the litigation by "agree[ing] to dismiss her putative class

4   and putative class claims without prejudice and submit her individual claims to

5   arbitration." (ECF No. 11 at 2). In *Morris*, the Court of Appeals "recognize[d] that our

6   sister Circuits are divided on this question" and found that the Court of Appeals for the

7   Seventh Circuit was "the only one that 'has engaged substantively with the relevant

8   arguments'" before *Morris* was decided. *Morris*, 834 F.3d at 990 n.16 (citing *Lewis v.*

9   *Epic Sys. Corp.*, 823 F.3d 1147, 1159 (7th Cir. 2016)). *See also* Order Granting Motion

10  for Reconsideration at 6, *Holly Attia, et al. v. The Neiman Marcus Group, Inc., et al.*,

11  No. SA CV 16-0504-DOC (C.D. Cal. Oct. 18, 2016), ECF No. 25 (finding that "before

12  the *Morris* decision there was no clear Ninth Circuit guidance on this issue. Therefore,

13  the Court finds that it would not have been reasonable to raise this argument sooner in

14  the litigation.").

15      After a review of the six factors relating to a Rule 60(b) motion for

16  reconsideration, the Court finds that the decision of the Court of Appeals in *Morris*

17  warrants reconsideration of this Court's December 10, 2015 Order and that Plaintiff is

18  entitled to relief under Federal Rule of Civil Procedure 60(b)(6). *Phelps*, 569 F.3d at

19  1140. Specifically, "the close relationship between the underlying decision and the now

20  controlling [Court of Appeals] precedent[,]" the similarity between the arbitration

21  clauses in *Morris* and in this case, and the Court's continuing jurisdiction over this

22  action support granting Plaintiff's Motion for Reconsideration. *Id.*

23  **V. Conclusion**

24      IT IS HEREBY ORDERED that the Motion for Reconsideration (ECF No. 32)

25  is GRANTED. Pursuant to Plaintiff's request in the Motion for Reconsideration (ECF

26  No. 32 at 7), the Court vacates the part of its December 10, 2015 Order stating "that,

27  pursuant to Plaintiff's request, Plaintiff's first through fifth putative class and class

28  claims are dismissed without prejudice." (ECF No. 20 at 15). The Court orders the

parties to submit a status report within **thirty (30) days** from the date of this Order as to how they intend to proceed on Plaintiff's first through fifth putative class and class claims.  The Clerk of the Court is ordered to reopen this case.

DATED:  December 9, 2016

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge