# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANH BUI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br>NORTHROP GRUMMAN SYSTEMS CORP., a Delaware Corporation,<br><br>Defendant. | CASE NO. 15cv1397-WQH-WVG<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Stay filed by Defendant Northrop Grumman Systems Corporation ("Defendant") (ECF No. 39).

**I. Background**

On April 14, 2015, Plaintiff Anh Bui commenced this action by filing the Class Action Complaint in San Diego County Superior Court. (ECF No. 1-3 at 6). On May 21, 2015, Plaintiff filed the First Amended Class Action Complaint ("FAC"), which is the operative complaint in this case. (ECF Nos. 1 at 2; 1-3 at 30). The FAC asserts (1) four California state-law wage and hour claims arising from Plaintiff's employment with Defendant; (2) a claim for violation of California Business & Professions Code section 17200, *et seq.*; and (3) a claim under California's Private Attorneys' General Act of 2004 ("PAGA"), seeking civil penalties for Defendant's alleged wage and hour violations. (ECF No. 1 at 3). On June 25, 2015, Defendant removed the action to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332, 1441,

1446, and 1453.  (ECF Nos. 1 at 2-3; 1-3 at 30-46).

On July 2, 2015, Defendant filed a Motion to Compel Bilateral Arbitration and Stay Proceedings, or Alternatively, to Dismiss Under Rule 12(b)(3). (ECF No. 3). On August 10, 2015, Plaintiff filed a "non-opposition to Defendant's Motion to Compel Bilateral Arbitration of Plaintiff's Individual Claims except for her [PAGA] Claims." (ECF No. 11 at 2).  In the non-opposition, Plaintiff "agree[d] to dismiss her putative class and putative class claims without prejudice and submit her individual claims to arbitration."  *Id.*  On December 10, 2015, the Court issued an order granting Defendant's Motion to Compel Bilateral Arbitration and Stay Proceedings. (ECF No. 20).  The Court ordered that

> pursuant to Plaintiff's request, Plaintiff's first through fifth putative class and class claims are dismissed without prejudice. (ECF No. 11 at 1). IT IS FURTHER ORDERED that the Motion to Compel Bilateral Arbitration and Stay Proceedings is granted (ECF No. 3).  Pursuant to 9 U.S.C. § 4, the parties are directed to proceed to arbitration in accordance with the terms of the Arbitration Agreement with respect to all of Plaintiff's remaining claims.  This litigation is stayed pending the outcome of the arbitration.

*Id.* at 15.

On December 9, 2016, the Court issued an order granting Plaintiff's Motion for Reconsideration of the December 10, 2015 order. (ECF No. 36).  The Court concluded that the "'Class Action Claims' section of the Arbitration Agreement in this case is similarly restrictive of Plaintiff's ability to bring a concerted action against Defendant" to the clause ruled unenforceable by the Court of Appeals in *Morris v. Ernst & Young LLP*, 834 F.3d 975 (9th Cir. 2016).  *Id.* at 7-8.  In *Morris*, the Court of Appeals found that a concerted action waiver "violate[d] the NLRA [National Labor Relations Act] and cannot be enforced."  *Id.* (quoting *Morris*, 834 F.3d at 980).  The Court ordered that the portion of its December 10, 2015 order stating that "pursuant to Plaintiff's request, Plaintiff's first through fifth putative class and class claims are dismissed without prejudice" was vacated.  *Id.* at 8 (quoting ECF No. 20 at 15).  The Court ordered the parties to submit a status report "as to how they intend to proceed on Plaintiff's first

through fifth putative class and class claims." *Id.* at 8.

In two status reports, Defendant stated that it intended to file a motion to stay this action if the Supreme Court granted the petition for certiorari in *Morris*. (ECF Nos. 37 at 3; No. 38 at 3). On January 13, 2017, the Supreme Court granted the petition for a writ of certiorari in *Morris*. *Ernst & Young, LLP v. Morris*, 137 S. Ct. 809 (U.S. Jan. 13, 2017) (mem.).

On February 6, 2017, Defendant filed the Motion to Stay. (ECF No. 39). On February 27, 2017, Plaintiff filed a response in opposition. (ECF No. 40). On March 6, 2017, Defendant filed a reply. (ECF No. 41).

**II. Contentions of the Parties**

Defendant contends that this Court should issue "a stay of all proceedings pending the Supreme Court's decision in *Morris*." (ECF No. 39-1 at 5). Defendant contends that "the basis for Plaintiff's reconsideration motion and this Court's reconsideration order will disappear" and "Plaintiff will again be required to arbitrate her wage-and-hour and UCL claims on an individual basis, not litigate them in court on a putative classwide basis" if the Supreme Court reverses the *Morris* decision. *Id.* at 10. Defendant contends that it should not be required to litigate Plaintiff's class claims now "even though *Morris* may make clear later that Plaintiff was required to arbitrate her claims on a bilateral basis." *Id.* at 10-11.

Plaintiff contends that she will suffer prejudice if this action is stayed pending the Supreme Court's decision in *Morris*. Plaintiff contends that continued delays will halt her progress in finalizing discovery and will result in evidence being lost, and witnesses becoming either unavailable or forgetting pertinent facts relating to this action. Plaintiff contends that Defendant has not demonstrated it will suffer a hardship if this action is not stayed. Plaintiff contends this action should not be stayed because of "the uncertainty and the unknown duration" of the period when the Supreme Court will issue a ruling in *Morris*. (ECF No. 40 at 6).

**III. Analysis**

**A. Applicable Law**

The Court of Appeals has stated that "once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority[.]" *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000). Courts have previously denied requests for stays pending the Supreme Court's review of a Court of Appeals order, including requests for stays pending the outcome of the *Morris* case. *See Daugherty v. SolarCity Corp.*, No. C 16-05155 WHA, 2017 WL 386253, at *4 (N.D. Cal. Jan. 26, 2017) ("A decision in *Morris* remains many months, perhaps even more than a year away. Given the extent of that possible delay, a stay is not warranted, particularly because much of the discovery in this action would be useful both here and in any eventual arbitration."); *Rivera v. Saul Chevrolet, Inc.*, Case No. 16-CV-05966-LHK, 2017 WL 1862509, at *4-6 (N.D. Cal. May 9, 2017) (denying the defendant's motion to stay pending the Supreme Court's decision in *Morris*, and stating that "the Court is bound by the Ninth Circuit's *Morris* decision unless it is overturned by higher authority—an en banc panel of the Ninth Circuit or the United States Supreme Court."); *Coppernoll v. Hamcor, Inc.*, No. C 16-05936 WHA, 2017 WL 446315, at *2 (N.D. Cal. Jan. 17, 2017) ("it will be many months before a decision is handed down [in *Morris*] and the law in our circuit remains clear unless the Supreme Court overturns it.").

Federal district courts have "broad discretion to stay proceedings as an incident to its power to control its own docket" – and issuing a stay may be appropriate in certain circumstances. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. However, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708. The Supreme Court has "caution[ed]

that 'if there is even a fair possibility that the stay . . . will work damage to some one else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis*, 299 U.S. at 255).

**B. Analysis**

On December 10, 2015, the Court issued an order dismissing Plaintiff's first through fifth putative class claims and granting Defendant's motion to compel bilateral arbitration and stay proceedings. (ECF No. 20). The Court ordered the parties to proceed to arbitration in accordance with the terms of the Arbitration Agreement with respect to Plaintiff's remaining, non-class claims – including Plaintiff's PAGA claim. *Id.* at 12, 15. On December 9, 2016, the Court issued an order granting Plaintiff's motion for reconsideration, and the Court vacated the portion of its December 10, 2015 order dismissing Plaintiff's first through fifth putative class claims (ECF No. 36).

At this stage in the proceedings, the only claims pending in the district court (i.e., not pending in the related arbitration) are Plaintiff's first through fifth putative class and class claims. In the event that the Supreme Court reverses *Morris*, the class action waiver in this case may no longer "violate[] the NLRA[,]" such that it could be enforced by this Court. *Morris*, 834 F.3d at 980. Under the heading "Class Action Claims[,]" the Arbitration Agreement provides, in relevant part,

> [B]oth you and the Company waive the right to bring any covered claim under this Program as a class action. In jurisdictions where this is permissible, the arbitrator will not have authority or jurisdiction to consolidate claims of different employees into one proceeding, nor shall the arbitrator have authority or jurisdiction to hear the arbitration as a class action.

(ECF No. 3-5 at 74). Therefore, if the waiver is found to be enforceable, Plaintiff's class claims could be dismissed pursuant to the terms of the waiver in the Arbitration Agreement. *See also* ECF No. 39 at 2 (Defendant contends that "[i]f the Supreme Court reverses the Ninth Circuit's ruling in *Morris*, it will completely dispose of all of Plaintiff's class action claims in this Court.").

Defendant has not demonstrated that it will be forced to litigate claims that will later be sent to arbitration in the absence of a stay. *See Dependable Highway*, 498 F.3d at 1066. "[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity" that would justify a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (quotation marks omitted). The Court concludes that Defendant has failed to demonstrate the requisite hardship that would justify a stay of the proceedings in this case. The Motion to Stay (ECF No. 39) is DENIED.

**IV. Conclusion**

IT IS HEREBY ORDERED that the Motion to Stay filed by Defendant (ECF No. 39) is DENIED.

DATED: June 12, 2017

**WILLIAM Q. HAYES**
United States District Judge