# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANH BUI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORTHROP GRUMMAN SYSTEMS CORP., a Delaware Corporation; and DOES 1-50, inclusive;<br><br>Defendants. | CASE NO. 15-cv-1397-WQH-WVG<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Reconsideration (ECF No. 45) filed by Defendant Northrop Grumman Systems Corporation.

**I. Background**

On April 14, 2015, Plaintiff Anh Bui commenced this action by filing a Class Action Complaint against Defendant, her former employer, in San Diego County Superior Court. (ECF No. 1-3 at 6). On May 21, 2015, Plaintiff filed the First Amended Class Action Complaint (the "FAC"), the operative complaint in this case. *Id.* at 30. The FAC asserts four individual and putative class claims under California wage and hour laws, an individual and a putative class claim under California Business & Professions Code § 17200 *et seq.*, and a claim under California's Private Attorneys' General Act (the "PAGA Claim"). (ECF No. 1 at 3). In June 2015, Defendant removed this action to this Court pursuant to the Class Action Fairness Act. (ECF Nos. 1 at 2-3; 1-3 at 30-46).

On July 2, 2015, Defendant filed a Motion to Compel Bilateral Arbitration and Stay Proceedings, or Alternatively, to Dismiss Under Rule 12(b)(3). (ECF No. 3). Defendant contended that the Court should dismiss or compel bilateral arbitration of all six of Plaintiff's claims because they "are governed by a valid and binding arbitration agreement which requires bilateral arbitration." *Id.* at 2. On August 10, 2015, Plaintiff filed a "Non-Opposition to Defendant's Motion to Compel Bilateral Arbitration of Plaintiff's Individual Claims . . . and Opposition to Motion to Compel Bilateral Arbitration of [the] PAGA Claim." (ECF No. 11 at 2). Plaintiff "agree[d] to dismiss her putative class and putative class claims without prejudice and submit her individual claims to arbitration except for the PAGA claim," but contended that "Defendant cannot compel arbitration of a PAGA claim." *Id.* at 7.

On December 10, 2015, the Court issued an order granting Defendant's Motion to Compel Bilateral Arbitration and Stay Proceedings (the "Order to Arbitrate"). (ECF No. 20). The Court "ordered that, pursuant to Plaintiff's request, Plaintiff's first through fifth putative class and class claims are dismissed without prejudice." *Id.* at 15. The Court "further ordered that the Motion to Compel Bilateral Arbitration and Stay Proceedings is granted [and] . . . the parties are directed to proceed to arbitration in accordance with the terms of the Arbitration Agreement with respect to all of Plaintiff's remaining claims." *Id.*[1]

On September 22, 2016, Plaintiff filed a Motion for Reconsideration of the Order to Arbitrate based on the decision of the Court of Appeals in *Morris v. Ernst & Young LLP*, 834 F.3d 975 (9th Cir. 2016), *cert. granted*, 137 S. Ct. 809 (2017). (ECF No. 32).

---

[1] In its Motion for Reconsideration, Defendant "seeks a ruling on . . . where plaintiff Anh Bui's claim under [PAGA] should be litigated." (ECF No. 45 at 2). The Order to Arbitrate directed the parties "to proceed to arbitration . . . with respect to all of Plaintiff's remaining claims," including the PAGA claim (as well the rest of Plaintiff's individual claims). (ECF No. 20 at 15). The Order granting Plaintiff's Motion for Reconsideration of the Order to Arbitrate did not vacate the Order directing the parties to arbitrate all of Plaintiff's individual claims, including the PAGA claim. *See* ECF No. 36 at 8 ("vacat[ing] the part of the [Order to Arbitrate] stating 'that . . . Plaintiff's first through fifth putative class and class claims are dismissed with prejudice.' (ECF No. 20 at 15).").

In *Morris*, the plaintiffs signed a "concerted action waiver" as a condition of their employment by Ernst & Young, LLP. 834 F.3d at 975. The concerted action waiver required the plaintiffs "to (1) pursue legal claims against Ernst & Young exclusively through arbitration and (2) arbitrate only as individuals and in 'separate proceedings.'" *Id.* at 979. The Court of Appeals held that "[c]oncerted activity—the right of employees to act together—is the essential, substantive right established by the [National Labor Relations Act ("NLRA")]. . . . Accordingly, the concerted action waiver violates the NLRA and cannot be enforced." *Id.* at 980.

On December 9, 2016, the Court granted Plaintiff's Motion for Reconsideration, concluding that, under *Morris*, the concerted action waiver in the Arbitration Agreement was unenforceable. (ECF No. 36 at 7-8). The Court vacated the portion of the Order to Arbitrate stating that "Plaintiff's first through fifth putative class and class claims are dismissed without prejudice." *Id.* (quoting ECF No. 20 at 15).

On January 13, 2017, the United States Supreme Court granted certiorari in *Morris*. *Ernst & Young, LLP v. Morris*, 137 S. Ct. 809 (U.S. Jan. 13, 2017) (mem.). On February 6, 2017, Defendant filed a Motion to Stay this case pending the Supreme Court's decision in *Morris* on the grounds that the "basis for . . . this Court's [Order Granting Plaintiff's Motion to Reconsider] will disappear [and] Plaintiff will again be required to arbitrate her wage-and-hour and UCL claims on an individual basis" if the Supreme Court reverses the Court of Appeals. (ECF No. 39). On June 12, 2017, the Court denied Defendant's Motion to Stay. (ECF No. 43).

On July 10, 2017, Defendant filed a Motion for Reconsideration of the Order Denying Defendant's Motion to Stay. (ECF No. 45). Plaintiff filed a Response to Defendant's Motion for Reconsideration. (ECF No. 48). Defendant filed a Reply to Plaintiff's Response. (ECF No. 49). Defendant also filed a Notice of Supplemental Authority (ECF No. 52). Plaintiff filed a Response to the Notice of Supplemental Authority, (ECF No. 59), and Defendant filed a Reply to Plaintiff's Response, (ECF No. 60).

## II. Contentions of the Parties

Defendant seeks reconsideration of the Order Denying Defendant's Motion to Stay based on two recent developments related to *Morris.* (ECF Nos. 45, 52). Defendant's first ground for reconsideration is an Order issued by the Court of Appeals in *O'Connor v. Uber Technologies, Inc.*, 15-17420 (9th Cir. September 22, 2017), (ECF No. 52-1), that withdrew from submission several cases involving concerted action waivers "pending [the Supreme Court's] resolution of [*Morris* and its companion cases] or until further order of [the Court of Appeals]." (ECF No. 52). Defendant's second ground for reconsideration is the change in the position of the United States Department of Justice on whether the NLRA bars concerted against waivers like those at issue in *Morris* and this case. (ECF No. 45-1 at 6).[2] Plaintiff contends that the *O'Connor* order does not justify reconsideration of the Order Denying the Motion to Stay because "*O'Connor* is an appellate case whose very determination is reliant upon the Supreme Court's decision in *Morris*." (ECF No. 59 at 2). Plaintiff contends that the change in the position of the United States Department of Justice does not justify reconsideration of the Order Denying the Motion to Stay because "the Ninth Circuit's decision in *Morris* remains controlling law." (ECF No. 48 at 5).

## III. Analysis

A "court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." Fed. R. Civ. Pro. 60(b)(6). Federal district courts have "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "[T]he power

---

[2] In September 2016, the Department of Justice submitted a petition for a writ of certiorari in one of *Morris*'s companion cases in which it argued that the NLRA bars concerted action waivers. Petition for a Writ of Certiorari, *N.L.R.B. v. Murphy Oil USA, Inc., et al.*, (No. 16-307). "After the change in administration, the [Department of Justice] reconsidered the issue and . . . reached the opposite conclusion." Brief for the United States as Amicus Curiae Supporting Petitioners in Nos. 16-285 and 16-300 and Supporting Respondents in No. 16-307, *Epic Systems Corporation v. Lewis*, (Nos. 16-285, 16-300, 16-307). Accordingly, in June 2017, the Department of Justice filed an amicus brief arguing that the NLRA does not preclude the enforcement of the concerted action waiver at issue in *Morris*. *Id.*

to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.

On June 12, 2017, the Court denied Defendant's motion to stay after finding that district courts "have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority[.]" ECF No. 43 at 4 (quoting *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000)). On September 22, 2017, the Court of Appeals withdrew from submission several cases involving concerted action waivers pending the Supreme Court's resolution of *Morris*. *O'Connor v. Uber Technologies, Inc.*, 15-17420 (9th Cir. September 22, 2017), (ECF No. 52-1). Federal district courts have "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). In light of the Court of Appeal's decision to withdraw the cases before it pending *Morris,* the Court finds it appropriate to stay this case.

**IV. Conclusion**

IT IS HEREBY ORDERED that

1. Defendant's Motion for Reconsideration (ECF No. 45) is GRANTED;
2. the Order Denying Defendant's Motion to Stay (ECF No. 43) is VACATED;
3. these proceedings are STAYED until the United States Supreme Court issues a decision on *Ernst & Young, LLP v. Morris*, No. 16-300; and
4. the parties shall file a joint report within thirty days from the date of the Supreme Court's decision on *Ernst & Young, LLP v. Morris*, No. 16-300, as to how they intend to proceed in light of that decision.

DATED: November 9, 2017

**WILLIAM Q. HAYES**
United States District Judge