JESSE A. CRIPPS, SBN 222285
  jcripps@gibsondunn.com
MATTHEW T. SESSIONS, SBN 307098
  msessions@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendant
NORTHROP GRUMMAN SYSTEMS CORP.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANH BUI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHROP GRUMMAN SYSTEMS CORP., a Delaware Corporation, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 15-CV-1397-WQH-WVG<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NORTHROP GRUMMAN SYSTEMS CORP.'S MOTION TO STAY PAGA CLAIMS**<br><br>**Hearing:**<br>Date: November 19, 2018<br>Judge: Hon. William Q. Hayes<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>**ORAL ARGUMENT REQUESTED BY DEFENDANT** |

Plaintiff does not dispute that the overwhelming trend among courts in the Ninth Circuit has been to stay litigation of representative PAGA claims until the underlying arbitration of individual claims is complete. Mot. (Dkt. 71-1) at 2:2-15. In fact, none of the PAGA cases she cites even involves a court denying a motion to stay where individual Labor Code claims were proceeding in arbitration. That omission is telling, particularly given the Ninth Circuit's decision in *Aviles v. Quick Pick Express, LLC*, 703 Fed. Appx. 631, 632 (9th Cir. 2017). There, in considering how a district court should handle overlapping PAGA claims (in court) and individual claims (in arbitration), the Ninth Circuit directed: "the district court should stay Aviles's PAGA claims during the pendency of the arbitration." 703 Fed. Appx. 631, 632 (9th Cir. 2017). The Ninth Circuit's reasoning was based on common-sense notions of efficiency: "If the arbitration on the individual claims determines that Aviles is an 'aggrieved employee' within the meaning of Cal. Lab. Code § 2699, then he can pursue his PAGA claims in the district court." *Id*. Conversely, if the arbitration reveals that Plaintiff has suffered no harm, there are no PAGA claims for the Plaintiff to pursue. That is because only an "aggrieved employee" may pursue PAGA claims on behalf of other employees. Cal. Lab. Code § 2699(a); *Kim v. Reins Int'l Cal*., Inc., 18 Cal. App. 5th 1052, 1055 (2017) (review granted); *Cabrera v. CVS Rx Services, Inc.*, No. 17-05803, 2018 WL 4585678, at *2 (N.D. Cal. Sept. 25, 2018).

The result in *Aviles* is the very same result that was reached by the California Court of Appeal in *Franco v. Arekalian Enterprises, Inc.*, 234 Cal. App. 4th 947 (2015). There, the Court held: "Because the issues subject to litigation under the PAGA might overlap those that are subject to arbitration of Franco's individual claims, the trial court must order an appropriate stay of trial court proceedings." *Id.* at 966. Plaintiff cites no cases to the contrary—certainly no cases that would warrant a departure from the Ninth Circuit's directives in *Aviles* or the common-sense result reached by the California Court of Appeal in *Franco*.

This is *not* a case in which Defendant is forcing Plaintiff to litigate an issue that is not already at issue: her status as an aggrieved employee is *already* pending in arbitration, and is squarely before the arbitrator. Given that there are two parallel proceedings, the only question is whether her claims on behalf of other employees throughout the State of California should be permitted to proceed before her own individual arbitration is concluded. That question is squarely answered in *Aviles* and *Franco*.

Plaintiff's remaining arguments are largely beside the point:

First, Plaintiff suggests that she has complied with PAGA's administrative notice requirements. But that issue is not even before the Court. Defendant will provide evidence regarding that issue at the appropriate time. In the meantime, it suffices to say that Plaintiff is simply wrong about the arbitrator's prior rulings in this case, and the effect of those prior rulings on this Court. She is also wrong to suggest that Defendant is forum shopping: Defendant had requested *long ago* that the PAGA claims be transferred to federal court, and it was only recently that Plaintiff agreed with Defendant that the claims should be moved to this Court. Notably, she made that decision only *after* the arbitrator denied her request for state-wide discovery related to her PAGA claims. Under the circumstances, her accusations of forum shopping are quite disingenuous.

Second, Plaintiff suggests that Defendant intends to asks for stays "in perpetuity." That has never been Defendant's position. Defendant is eager to move forward with the individual arbitration so that it can determine once and for all whether Plaintiff's claims have merit. (They do not.) And yet, Plaintiff has repeatedly managed to find ways to delay the resolution of her individual arbitration. For example, more than a year after the arbitration was initiated, Plaintiff had still not complied with her basic initial disclosure requirements under JAMS Rule 17. Defendant was required to file a motion with the arbitrator to get her to do so. And just this past month, Defendant was required to file a motion with the arbitrator to get

her to commit to a deposition date: something she had been asked to do since at least 2017. The truth is, Plaintiff has very little interest in pursuing her individual claims: if she did, they would have already been resolved by now. To move this matter forward, she need only stop the foot dragging and get to resolution in the arbitration.

Plaintiff is also less than candid in citing to Defendant's prior stay requests in this Court. Those prior requests relate to Plaintiff's improper attempts to pursue a class action in this Court, and this Court ultimately concluded that a stay was appropriate pending a key decision from the Supreme Court. (Dkt. 62 (11/9/2017 Order)). Ultimately, Defendant was vindicated in its request—Plaintiff was forced to dismiss her class action claims when the Supreme Court issued its ruling. (Dkt. 67-68). The fact that Defendant successfully pursued a prior stay of this matter is not evidence of anything more than this: it saved the parties the unnecessary litigation associated with a class action that should have never been filed to begin with. That, coincidentally, is precisely the type of efficiency that Defendant is seeking now—a request that is fully consistent with *Aviles* and *Franco*.

For the foregoing reasons, the Court should issue an order staying the litigation of Plaintiff's representative PAGA claims in this Court while her individual claims are pending in arbitration.

Dated: November 12, 2018

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Jesse A. Cripps*
Jesse A. Cripps
Matthew T. Sessions

Attorneys for Defendant
NORTHROP GRUMMAN SYSTEMS CORP.