UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANH BUI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHROP GRUMMAN SYSTEMS CORP., a Delaware Corporation, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 15-CV-1397-WQH-WVG<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Stay PAGA Claims filed by Defendant Northrop Grumman Systems Corp. (ECF No. 71).

### I. Background

On October 10, 2018, this Court ordered that Plaintiff Anh Bui's representative PAGA claims would remain before this Court while Plaintiff's individual claims were resolved in bilateral arbitration. (ECF No. 70). On October 10, 2018, Defendant filed a Motion to Stay the representative PAGA Claims for the duration of arbitration. (ECF No. 71). On November 5, 2018 Plaintiffs filed Opposition. (ECF No. 73). On November 12, 2018, Defendant filed a Reply. (ECF No. 74).

### II. Contentions

Defendant asserts that "[i]t is indisputable that the resolution of the arbitration of Plaintiff's individual claims will directly impact whether the derivative PAGA action in this Court can go forward" and contends that the Court should stay this matter for the

duration of arbitration "in the interest of judicial efficiency." (ECF No. 71-1 at 4). Specifically, Defendant contends that "[o]nly 'an aggrieved employee' who 'was employed by the alleged violator and against whom one or more of the alleged violations was committed' is authorized by PAGA to step into the State's shoes and pursue civil penalties for the employer's violations . . . [and] [i]f the arbitrator finds that Plaintiff did not suffer any wage and hour violations while working for Defendant, this will directly impact the instant proceedings and lead to resolution of Plaintiff's PAGA claims." *Id.* at 5. Defendant contends that "proceeding with this representative action in parallel with individual arbitration will result in duplicative and possibly inconsistent discovery efforts" and creates "a risk of inconsistent factual determinations that could prejudice Defendant in the arbitration." *Id.* at 6.

Plaintiffs contend that Defendants are "seeking to stay these proceedings in an attempt to prevent Plaintiff from prosecuting this matter." (ECF No. 73 at 2). Plaintiffs assert that "requiring that Plaintiff first be found to be an aggrieved employee before being permitted to prosecute the PAGA representative action pending before this Court" would "violate public policy and California law." (ECF No. 73 at 4).

### III. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). In the PAGA context, Courts may in their discretion stay representative claims pending determination in arbitration of whether or not a Plaintiff is an "aggrieved employee" under the statute. *See, e.g.*, *Aviles v. Quik Pick Express, LLC*, 703 F. App'x 631, 632 (9th Cir. 2017) (Vacating with instructions to lower court to "stay [Plaintiff's] PAGA claims during the pendency of the arbitration. If the arbitration on the individual claims determines that [Plaintiff] is an 'aggrieved employee' within the meaning of Cal. Lab. Code § 2699, then he can pursue his PAGA claims in the district court."); *Shepardson v. Adecco USA, Inc.*, 2016 WL 1322994, at *6 (N.D. Cal. Apr. 5, 2016) (Stay granted

2

CASE NO. 15-CV-1397-WQH-WVG

because "Plaintiff's PAGA claims are derivative in nature of her substantive claims that will proceed to arbitration, and the outcome of the nonarbitrable PAGA claims will depend upon the arbitrator's decision."); *Stafford v. Dollar Tree Stores, Inc.*, 2014 WL 6633396, at *4 (E.D. Cal. Nov. 21, 2014) (Finding that "judicial economy favors deferring the representative portion of the PAGA claim until plaintiff's status as an aggrieved employee with the right to bring this action is established.").

### IV. Ruling of the Court

In this case, the arbitrator will decide whether or not Plaintiff is an "aggrieved employee" in the course of adjudicating Plaintiff's individual claims. This same issue must be decided in the context of Plaintiff's representative PAGA claims. The Court finds that the risk of inconsistent rulings on the same issue and the interests of judicial economy favor staying the representative PAGA claims in this Court pending the arbitrator's determination of Plaintiff's individual claims.

### V. Conclusion

IT IS HEREBY ORDERED that Defendant's Motion to Stay (ECF No. 71) is GRANTED. Plaintiff's representative PAGA claims shall be stayed pending the resolution of Plaintiff's individual claims in arbitration. The parties are directed to file a notice with the Court regarding the outcome of the arbitration proceedings within 14 days of the issuance of the arbitrator's decision.

IT IS SO ORDERED.
Dated: January 29, 2019

Hon. William Q. Hayes
United States District Court